Model Plan
11/22/2013

Trustee: ☐ Marshall  ☐ Meyer
☐ Stearns  ☑ Vaughn

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In re: | ) | **Case No. 15-16378** |
| | ) | |
| Tina Patrice Quinn | ) | |
| | ) | |
| Debtors. | ) | **Modified Chapter 13 Plan, dated** August 2, 2015 |

☑      **A check in this box indicates that the plan contains special provisions, set out in Section G. Otherwise, the plan includes no provisions deviating from the model plan adopted by the court at the time of the filing of this case.**

**Section A.**
*Budget items*

1. As stated in the debtor's Schedule I and J, (a) the number of persons in the debtor's household is **1**; (b) their ages are **32**; (c) total household monthly income is $ **1,747.90**; and (d) total monthly household expenses are $ **1,292.00**, leaving $ **455.90** available monthly for plan payments.

2. The debtor's Schedule J includes $ **N/A** for charitable contributions; the debtor represents that the debtor made substantially similar contributions for **N/A** months prior to filing this case.

**Section B.**
*General items*

1. The debtor assumes all unexpired leases and executory contracts listed in Section G of this plan; all other unexpired leases and executory contracts are rejected. Both assumption and rejection are effective as of the date of plan confirmation.

2. Claims secured by a mortgage on real property of the debtor, set out in Section C or in Paragraph 2 of Section E of this plan, shall be treated as follows:

(a) *Prepetition defaults.* If the debtor pays the cure amount specified in Paragraph 5 of Section E, while timely making all required postpetition payments, the mortgage will be reinstated according to its original terms, extinguishing any right of the mortgagee to recover any amount alleged to have arisen prior to the filing of the petition.

(b) *Costs of collection.* Costs of collection, including attorneys' fees, incurred by the holder after the filing of this bankruptcy case and before the final payment of the cure amount specified in Paragraph 5 of Section E may be added to that cure amount pursuant to order of the court on motion of the holder.

3. The holder of any claim secured by a lien on property of the estate, other than a mortgage treated in Section C or in Paragraph 2 of Section E, shall retain the lien until the earlier of (a) payment of the underlying debt determined under nonbankruptcy law, or (b) discharge under 11 U.S.C. § 1328, at which time the lien shall terminate and be released by the creditor.

4. The debtor shall retain records, including all receipts, of all charitable donations listed in Schedule J.

**1**

**Section C.**
***Direct payment of claims by debtor***

☑ The debtor will make no direct payments to creditors holding prepetition claims. /or/

☐ The debtor will make current monthly payments, as listed in the debtor's Schedule J-- increased or decreased as necessary to reflect changes in variable interest rates, escrow requirements, collection costs, or similar matters--directly to the following creditors holding claims secured by a mortgage on the debtor's real property:

Creditor:  -NONE-              , monthly payment, $ _____

**Section D.**
***Payments by debtor to the trustee; plan term and completion***

1. *Initial plan term.* The debtor will pay to the trustee $ **452.00** monthly for **60** months [and **$ monthly for an additional    months**], for total payments, during the initial plan term, of $ **27,120.00** . [Enter this amount on Line 1 of Section H.]

2. *Adjustments to initial term.* If the amount paid by the debtor to the trustee during the initial plan term does not permit payment of general unsecured claims as specified in Paragraphs 8 and 9 of Section E, then the debtor shall make additional monthly payments, during the maximum plan term allowed by law, sufficient to permit the specified payments.

3. *Plan completion.* ☐ The plan will conclude before the end of the initial term, as adjusted by Paragraph 2, only at such time as all allowed claims are paid in full, with any interest required by the plan /or/

☑ The plan will conclude before the end of the initial term at any time that the debtor pays to the trustee the full amounts specified in Paragraphs 1 and 2.

**Section E.**
***Disburse-ments by the trustee***

The trustee shall disburse payments received from the debtor under this plan as follows:

1. *Trustee's fees.* Payable monthly, as authorized; estimated at **5.00**% of plan payments; and during the initial plan term, totaling $ **1,356.00** . [Enter this amount on Line 2a of Section H.]

2. *Current mortgage payments.* Payable according to the terms of the mortgage, as set forth below, beginning with the first payment due after the filing of the case. Each of these payments shall be increased or decreased by the trustee as necessary to reflect changes in variable interest rates, escrow requirements, or similar matters; the trustee shall make the change in payments as soon as practicable after receipt of a notice of the change issued by the mortgage holder, but no later than 14 days after such receipt.  The trustee shall notify the debtor of any such change at least 7 days before putting the change into effect. Any current mortgage payment made by the debtor directly to the mortgagee shall be deducted from the amounts due to be paid to the trustee under this plan.

-NONE-

The total of all current mortgage payments to be made by the trustee under the plan is estimated to be $ **0.00** . [Enter this amount on Line 2b of Section H.]

3.1. *Other secured claims secured by value in collateral.* All secured claims, other than mortgage claims treated above and claims treated in Paragraph 3.2, are to be paid in full during the plan term, with interest at an annual percentage rates and in the fixed monthly amounts specified below regardless of contrary proofs of claim (subject to reduction with the consent of the creditor):

**2**

(a) Creditor: **Flagship Credit Acceptance**    Collateral: **2011 Chevrolet Malibu LTZ**
Amount of secured claim: $ **18,610.43**  APR **5.5** %    Fixed monthly payment:$ **355.48** ;
Total estimated payments, including interest, on the claim: $**21,328.80**. ☐ Check if non-PMSI

[All claims in the debtor's Schedule D, other than mortgages treated above and claims for which
the collateral has no value, must be listed in this paragraph.]

The total of all payments on these secured claims, including interest, is estimated to be
$ **21,328.80** . [Enter this amount on Line 2c of Section H.]

3.2 *Other secured claims treated as unsecured.*  The following claims are secured by collateral
that either has no value or that is fully encumbered by liens with higher priority.  No payment
will be made on these claims on account of their secured status, but to the extent that the claims
are allowed, they will be paid as unsecured claims, pursuant to Paragraphs 6 and 8 of this section.
**-NONE-**

4. *Priority claims of debtor's attorney.* Payable in amounts allowed by court order. The total
claim of debtor's attorney is estimated to be $ **3,420.00** . [Enter this amount on Line 2d of Section
H.]

5. *Mortgage arrears.* Payable as set forth below, regardless of contrary proofs of claim, except
that the arrears payable may be reduced either with the consent of the mortgagee or by court
order, entered on motion of the debtor with notice to the trustee and the mortgagee.  Any such
reduction shall be effective 14 days after either the trustee's receipt of a notice of reduction
consented to by the mortgagee or the entry of a court order reducing the arrearage.
**-NONE-**

6. *Allowed priority claims other than those of the debtor's attorney.* Payable in full, without
interest, on a pro rata basis. The total of all payments on non-attorney priority claims to be made
by the trustee under the plan is estimated to be $ **0.00** . [Enter this amount on Line 2f of Section
H.] Any claim for which the proof of claim asserts both secured and priority status, but which is
not identified as secured in Paragraphs 2, 3.1, or 3.2 of this section, will be treated under this
paragraph to the extent that the claim is allowed as priority claim.

7. *Specially classified unsecured claim.* A special class consisting of the following non-priority
unsecured claim: **-NONE-** shall be paid at **N/A** % of the allowed amount. The total of all
payments to this special class is estimated to be $ **N/A** . [Enter this amount on Line 2g of
Section H.]

Reason for the special class: **N/A** .

8. *General unsecured claims (GUCs).* All allowed nonpriority unsecured claims, not specially
classified, including unsecured deficiency claims under 11 U.S.C. § 506(a), shall be paid, pro
rata, ☐ in full, /or/ ☑ to the extent possible from the payments set out in Section D, but not less
than **1** % of their allowed amount. [Enter minimum payment percentage on Line 4b of Section
H.] Any claim for which the proof of claim asserts secured status, but which is not identified as
secured in section C, or Paragraphs 2, 3.1, 3.2 or 5 of this section, will be treated under this
paragraph to the extent that the claim is allowed without priority.

9. *Interest.* ☑ Interest shall not be paid on unsecured claims /or/ ☐ interest shall be paid on
unsecured claims, including priority and specially classified claims, at an annual percentage rate
of **N/A** % [Complete Line 4d of Section H to reflect interest payable.]

**3**

**Section F.**
*Priority*

The trustee shall pay the amounts specified in Section E of this Plan in the following order of priority, with claims in a given level of priority reduced proportionately in the event of insufficient plan payments: (1) trustee's fee; (2) current mortgage payments; (3) secured claims listed in Section E, Paragraph 3.1; (4) priority claims of the debtor's attorney; (5) mortgage arrears; (6) priority claims other than those of the debtor's attorney; (7) specially classified non-priority unsecured claims; and (8) general unsecured claims.

**Section G.**
*Special terms*

Notwithstanding anything to the contrary set forth above, this Plan shall include the provisions set forth in the box following the signatures. The provisions will not be effective unless there is a check in the notice box preceding Section A.

**Section H.**
*Summary of payments to and from the trustee*

| | | |
|---|---|---:|
| (1) Total payments from the debtor to the Chapter 13 trustee (subject to Paragraph 2 of Section D) | $ | 27,120.00 |
| (2) Estimated disbursements by the trustee for non-GUCs (general unsecured claims): | | |
| (a) Trustee's fees | $ 1,356.00 | |
| (b) Current mortgage payments | $ 0.00 | |
| (c) Payments of other allowed secured claims | $ 21,328.80 | |
| (d) Priority payments to debtor's attorney | $ 3,420.00 | |
| (e) Payments of mortgage arrears | $ 0.00 | |
| (f) Payments of non-attorney priority claims | $ 0.00 | |
| (g) Payments of specially classified unsecured claims | $ 0.00 | |
| (h) Total *[add Lines 2a through 2g]* | $ | 26,104.80 |
| (3) Estimated payments available for GUCs and interest during initial plan term *[subtract Line 2h from Line 1]* | $ | 1,015.20 |
| (4) Estimated payments required after initial plan term: | | |
| (a) Estimated total GUCs, including unsecured deficiency claims under § 506(a) | $ 98,160.00 | |
| (b) Minimum GUC payment percentage | 1 % | |
| (c) Estimated minimum GUC payment *[multiply line 4a by line 4b]* | $ 981.60 | |
| (d) Estimated interest payments on unsecured claims | $ 0.00 | |
| (e) Total of GUC and interest payments *[add Lines 4c and 4d]* | $ 981.60 | |
| (f) Payments available during initial term *[enter Line 3]* | $ 1,015.20 | |
| (g) Additional payments required *[subtract Line 4f from Line 4e]* | $ | -33.60 |
| (5) Additional payments available: | | |
| (a) Debtor's monthly payment less trustee's fees and current mortgage payments made by the trustee | $ N/A | |
| (b) Months in maximum plan term after initial term | N/A | |
| (c) Payments available *[multiply line 5a by line 5b]* | $ | N/A |

**4**

**Section I.**      ☐ A check in this box indicates that the debtor consents to immediate entry of an order
*Payroll*            directing the debtor's employer to deduct from the debtor's wages the amount specified in
*Control*            Paragraph 1 of Section D and to pay that amount to the trustee on the debtor's behalf. If this is a
                     joint case, details of the deductions from each spouse's wages are set out in Section G.

**Signatures**    **Debtor(s) [Sign only if not represented by an attorney]**

_____    _____    **Date** _____

              **Debtor's Attorney**    /s/ Charles L. Magerski                    **Date**    **August 2, 2015**

*Attorney Information*    Charles L. Magerski
*(name, address,*        Sulaiman Law Group, Ltd.
*telephone, etc.)*       900 Jorie Boulevard
                         Suite 150
                         Oak Brook, IL 60523
                         630-575-8181
                         Fax: 630-575-8188

**Special Terms** *[as provided in Paragraph G]*

1. Debtor shall submit a copy of her tax return to the Trustee each year by April 30th. The Debtor shall tender to the Trustee the amount of any tax refund in excess of $1200 each year within 7 days of receipt of the tax refund. Refunds must be received by the Trustee by June 15th of each year.

2. Unsecured claims filed after the claim bar date shall not be paid by the Chapter 13 Trustee.

**5**

United States Bankruptcy Court
Northern District of Illinois

In re:                                                                    Case No. 15-16378-JPC
Tina Patrice Quinn                                                        Chapter 13
          Debtor

## CERTIFICATE OF NOTICE

District/off: 0752-1          User: ccabrales          Page 1 of 2          Date Rcvd: Aug 03, 2015
                             Form ID: pdf003           Total Noticed: 50

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 05, 2015.
db         +Tina Patrice Quinn,    10210 S. Peoria Street,    Chicago, IL 60643-2319
23265519   +Avant Techno USA Inc.,    736 Clover Hill Court,    Elk Grove Village, IL 60007-7126
23265520   +Avant, Inc,    640 N Lasalle Street,    Chicago, IL 60654-3781
23265526   ++CONTINENTAL FINANCE COMPANY LLC,    PO BOX 8099,    NEWARK DE 19714-8099
            (address filed with court: Continental Finance,     P.O. Box 8099,   Newark, DE 19714)
23265522   +Capital One,    Attn: Bankruptcy,    Po Box 30285,    Salt Lake City, UT 84130-0285
23503246    Capital One Bank (USA), N.A.,    Po Box 71083,    Charlotte, NC  28272-1083
23265524   +Capital One, N.A.,    1680 Capital One Drive,    Mc Lean, VA 22102-3407
23265525   +Chase,   ATTN: Bankruptcy Department,    P.O. Box 15298,    Wilmington, DE 19850-5298
23265529    Equifax Information Services, LLC,    1550 Peachtree Street NW,    Atlanta, GA 30309
23265530   +Experian Information Solutions, Inc.,    475 Anton Boulevard,    Costa Mesa, CA 92626-7037
23265531   +First Premier Bank,    3820 N Louise Avenue,    Sioux Falls, SD 57107-0145
23265532   +First Premier Bank,    PO Box 5524,    Sioux Falls, SD 57117-5524
23265534   +Flagship Credit Acceptance LLC,    PO Box 1419,    Chadds Ford, PA 19317-0688
23265535   +Flagship Credit Acceptance LLC,    PO Box 975658,    Dallas, TX 75397-5658
23265536   +Great Lakes EducationalLoan Services,    PO Box 530229,    Atlanta, GA 30353-0229
23265537   +Great Lakes EducationalLoan Services inc,    Glelsi,    2401 International Lane,
            Madison, WI 53704-3121
23265538   +JB Robinson/Sterling Jewelers,    Sterling Jewelers,    Po Box 1799, Attn: Bankruptcy,
            Akron, OH 44309-1799
23265539   +MABT / Continental Finance,    121 Continental Drive, Suite 1,    Newark, DE 19713-4347
23309230   +National Collegiate Student Loan Trust-2003-1,    Po Box 4275,    Norcross, GA 30091-4275
23265540   +National Collegiate Trust,    American Education Services,    One Cabot Road,
            Medford, MA 02155-5117
23359542    Navient Solutions Inc.,    P.O. Box 9640,    Wilkes-Barre, PA 18773-9640
23265546   +PLS Loan,    6322 W. 95th Street,    Oak Lawn, IL 60453-2202
23265547   +PLS Loan Store Corporate Headquarters,    One South Wacker Drive,    36th Floor,
            Chicago, IL 60606-4603
23265544   +Pay Day Loan Store,    300 N. Elizabeth Street,    Chicago, IL 60607-1143
23265545   +Pay Day Loan Store of Illinois, Inc.,    947B Sibley Boulevard,    Dolton, IL 60419-2139
23454069   +The Payday Loan Store,    c/o Creditors Bankruptcy Service,    P.O. Box 800849,
            Dallas, TX 75380-0849
23265551    Trans Union LLC,    P.O. Box 2000,    Chester, PA 19016-2000
23433283   +US DEPT OF EDUCATION,    CLAIMS FILING UNIT,    PO BOX 8973,    MADISON, WI 53708-8973
23265552   +US DEpartment of Education,    Po Box 5609,    Greenville, TX 75403-5609
23265553   +US Department of Education,    400 Maryland Avenue, SW,    Washington, DC 20202-0001
23265554   +US Department of Education,    Capitol Place,    555 New Jersey Ave, NW,
            Washington, DC 20208-0003
23265555   +US Department of Education /GLESI,    Po Box 7860,    Madison, WI 53707-7860
23265556   +US Dept of Education,    Claims Filing Unit,    P Box 8973,    Madison, WI 53708-8973
23265559   +WebBank,    215 S. State Street,    Suite 800,    Salt Lake City, UT 84111-2339

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
23265521   +E-mail/Text: mmeyers@blittandgaines.com Aug 04 2015 02:05:43     Blitt & Gaines, P.C.,
            661 W. Glenn Avenue,    Wheeling, IL 60090-6017
23265523   +E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Aug 04 2015 02:13:10     Capital One, N.A. *,
            c/o American Infosource,    P.O Box 54529,    Oklahoma City, OK 73154-1529
23265528   +E-mail/Text: creditonebknotifications@resurgent.com Aug 04 2015 02:02:41     Credit One Bank,
            585 Pilot Road,    Las Vegas, NV 89119-3619
23265527   +E-mail/Text: creditonebknotifications@resurgent.com Aug 04 2015 02:02:41     Credit One Bank,
            Po Box 98873,    Las Vegas, NV 89193-8873
23290097   +E-mail/Text: jransing@flagshipacc.com Aug 04 2015 02:04:48
            FC Funding LLC co Flagship Credit Acceptance, LLC,    3 Christy Drive,
            Chadds Ford, PA 19317-9670
23265533   +E-mail/Text: jransing@flagshipacc.com Aug 04 2015 02:04:48     Flagship Credit Acceptance,
            3 Christy Drive, Suite 201,    Chadds Ford, PA 19317-9670
23505292   +E-mail/Text: ISAC.Bankruptcy@ISAC.illinois.gov Aug 04 2015 02:02:36
            Illinois Student Assistance Commission,    1755 Lake Cook Rd,    Deerfield IL 60015-5209
23265542   +E-mail/PDF: pa_dc_claims@navient.com Aug 04 2015 01:58:40     Navient,    Po Box 9500,
            Wilkes Barre, PA 18773-9500
23265543   +E-mail/PDF: pa_dc_claims@navient.com Aug 04 2015 01:58:40     Navient,    PO BOx 9635,
            Wilkes Barre, PA 18773-9635
23265541   +E-mail/PDF: pa_dc_claims@navient.com Aug 04 2015 01:59:39     Navient,    Po Box 9655,
            Wilkes Barre, PA 18773-9655
23291494    E-mail/Text: bnc-quantum@quantum3group.com Aug 04 2015 02:03:28
            Quantum3 Group LLC as agent for,    Sterling Jewelers Inc,    PO Box 788,
            Kirkland, WA  98083-0788
23265548   +E-mail/Text: bankruptcy@speedyinc.com Aug 04 2015 02:03:00     Speedy Cash,
            8400 E. 32nd Street N.,    Wichita, KS 67226-2608
23265549   +E-mail/Text: bankruptcy@speedyinc.com Aug 04 2015 02:03:00     Speedy Cash Corporate,
            PO Box 780408,    Wichita, KS 67278-0408
23265550   +E-mail/Text: ebnsterling@weltman.com Aug 04 2015 02:03:10     Sterling Jewelers, Inc.,
            375 Ghent Road,    Akron, OH 44333-4600

```
District/off: 0752-1          User: ccabrales          Page 2 of 2          Date Rcvd: Aug 03, 2015
                             Form ID: pdf003           Total Noticed: 50
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center
(continued)
```
23265557         +E-mail/Text: fhbankruptcy@bluestembrands.com Aug 04 2015 02:05:26        Web Bank / Fingerhut,
                  6250 Ridgewood Road,    Saint Cloud, MN 56303-0820
23265558         +E-mail/Text: fhbankruptcy@bluestembrands.com Aug 04 2015 02:05:26        Webbank,    Fingerhut,
                  6250 Ridgewood Road,    Saint Cloud, MN 56303-0820
                                                                                               TOTAL: 16
```

```
            ***** BYPASSED RECIPIENTS *****
NONE.                                                                               TOTAL: 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 05, 2015                        Signature:   /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on August 2, 2015 at the address(es) listed below:
```
            Cari A Kauffman    on behalf of Creditor    Flagship Credit Acceptance LLC
             ckauffman@sormanfrankel.com,   dfrankel@sormanfrankel.com
            Charles L. Magerski    on behalf of Debtor Tina Patrice Quinn Cmagerski@sulaimanlaw.com,
             courtinfo@sulaimanlaw.com;bkycourtinfo@gmail.com;ECFNotice@sulaimanlaw.com;mbadwan@sulaimanlaw.co
             m;sulaiman.igotnotices@gmail.com;bkecf_sulaiman@bkexpress.info
            Nathan C Volheim    on behalf of Debtor Tina Patrice Quinn courtinfo@sulaimanlaw.com,
             nvolheim@sulaimanlaw.com;mbadwan@sulaimanlaw.com;bkycourtinfo@gmail.com;ECFNotice@sulaimanlaw.com
             ;sulaiman.igotnotices@gmail.com;bkecf_sulaiman@bkexpress.info
            Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
            Tom  Vaughn    ecf@tvch13.net,   ecfchi@gmail.com
                                                                                               TOTAL: 5
```